IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD KING MELLON FOUNDATION,<br><br>   Plaintiff,<br><br>  v.<br><br>THE ANDREW W. MELLON FOUNDATION,<br><br>   Defendant. | Civil Action No. 2:22-cv-798<br><br>Jury Trial Requested |

**COMPLAINT**

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|:---:|---|
| 1 | Defendant's Mapx Renderings |
| 2 | March 28, 2022 Press Release |
| 3 | U.S. Trademark Application No. 97/402,655 |
| 4 | U.S. Trademark Application No. 97/402,648 |

1.  Plaintiff Richard King Mellon Foundation ("RK Mellon Foundation")—founded in 1947—seeks injunctive and monetary relief against Defendant The Andrew W. Mellon Foundation ("AW Mellon Foundation")—founded in 1969—for trademark infringement and unfair competition based on AW Mellon Foundation's recent announcement that it intends to drop "Andrew W." from its name and henceforth call itself "Mellon Foundation" or "The Mellon Foundation"—as though it were the only legitimate foundation with "Mellon" in its name. Defendant's move creates a likelihood of confusion or mistake as to whether Defendant is the only "Mellon" foundation, whether RK Mellon Foundation is approved by Defendant, and whether RK Mellon Foundation—despite its charitable history of 75 years—is now illegitimate. Such conduct constitutes trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 *et seq*. and Pennsylvania common law, and poses substantial and irreparable harm to the identity and charitable work of RK Mellon Foundation.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1338(a), (b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the Commonwealth of Pennsylvania pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.  This Court has personal jurisdiction over Defendant because Defendant purposefully directs its foundation services toward prospective and actual grantees in Pennsylvania, transacts business in the Commonwealth of Pennsylvania, and is causing harm to RK Mellon Foundation within the Commonwealth of Pennsylvania.

4.  Defendant's website is https://mellon.org/. According to Defendant's website, Defendant has issued hundreds of grants within the Commonwealth of Pennsylvania, including

143 grants in southwestern Pennsylvania, 114 of which are within in the Pittsburgh area, as shown in Defendant's map*x* renderings:





A true and correct copy of Defendant's webpage displaying its map*x* rendering of grants in the Pittsburgh area is attached hereto as **Exhibit 1** and incorporated by reference herein.

5. Defendant's 143 grants in southwestern Pennsylvania total more than $10 million.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). A substantial part of the events giving rise to RK Mellon Foundation's claims occurred in this judicial district.

## THE PARTIES

7. RK Mellon Foundation is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at BNY Mellon Center, Suite 4106, 500 Grant Street, Pittsburgh, Pennsylvania 15219-2502. RK Mellon Foundation provides charitable foundation services.

8. Defendant is a non-profit corporation organized and existing under the laws of New York having its principal place of business at 140 East 62nd Street, New York, New York 10065. Defendant provides charitable foundation services.

## FACTS COMMON TO ALL COUNTS

9. Richard King Mellon was a grandson of Thomas Mellon and created RK Mellon Foundation in 1947. Since that year, RK Mellon Foundation has invested in the future of Southwestern Pennsylvania and in the protection and restoration of America's environmental heritage. RK Mellon Foundation has offered its charitable foundation services and made grants under its name nationwide for more than thirty years and has helped to protect more than 4.5 million acres of land at sites in all fifty states.

10. Since at least 1950, RK Mellon Foundation has disbursed grants to colleges and universities across the United States. These colleges and universities include: Bennett College, Columbia University, Cornell University, Dartmouth College, Duquesne University, Harvard University, Kenyon College, Marietta College, Milligan College, Muskingum University,

Pennsylvania State University, Princeton University, Seton Hill University, Stanford University, University of Pittsburgh, University of the South, and Yale University, among others.

11. RK Mellon Foundation is not only the largest foundation in southwestern Pennsylvania; it is also one of the fifty largest foundations in the world.

12. Since 1947, RK Mellon Foundation has provided substantial charitable foundation services and resources. For example, in 2021, RK Mellon Foundation had year-end net assets of $3.4 billion and disbursed grants and Program-Related Investments totaling $152 million.

13. RK Mellon Foundation adopted, uses, and owns the RICHARD KING MELLON FOUNDATION trademark in connection with charitable foundation services, namely, providing project grants and program-related investments for conservation; providing financial assistance for programs and services for others; providing project grants for economic development, economic mobility, health and well-being, and organizational effectiveness; and providing program-related investments for social-impact investment programs.

14. Trademark rights in the United States arise from usage of the trademark, and RK Mellon Foundation has continuously used the RICHARD KING MELLON FOUNDATION trademark since 1947, and nationwide for over three decades.

15. RK Mellon Foundation's RICHARD KING MELLON FOUNDATION common-law trademark is valid, and RK Mellon Foundation has not licensed it to Defendant for use in any manner whatsoever.

16. As a result of RK Mellon Foundation's prominent and extensive use of RICHARD KING MELLON FOUNDATION for 75 years, RICHARD KING MELLON FOUNDATION is a well-known trademark and indication of origin.

17.     As a direct result of the substantial time, effort and resources RK Mellon Foundation has invested in charitable foundation services for which the RICHARD KING MELLON FOUNDATION trademark is used, RK Mellon Foundation's grantees, other charitable foundations, and the general public have come to associate a high standard of quality with RICHARD KING MELLON FOUNDATION charitable foundation services.

18.     The RICHARD KING MELLON FOUNDATION trademark and the goodwill associated with the RICHARD KING MELLON FOUNDATION trademark are valuable assets of RK Mellon Foundation.

<strong><u>DEFENDANT AND ITS RECENT UNLAWFUL CONDUCT</u></strong>

19.     Defendant was named after a son of Thomas Mellon and was formed on June 30, 1969 through the consolidation of two existing foundations: the Avalon Foundation and the Old Dominion Foundation.

20.     The RK Mellon Foundation and the AW Mellon Foundation coexisted peacefully and without marketplace confusion from 1969 until March 28, 2022.

21.     On March 28, 2022, Defendant—without any notice to or discussion with RK Mellon Foundation—issued a press release asserting a "newly launched identity-which includes shortening the organization's name to Mellon Foundation for most uses." A true and correct copy of the March 28, 2022 press release is attached hereto as **Exhibit 2** and incorporated by reference herein.

22.     On May 10, 2022, Defendant filed U.S. Trademark Application Nos. 97/402,655 and 97/402,648 for the trademark MELLON FOUNDATION alone, and a MELLON FOUNDATION trademark with a stylized "M" for "Mellon" in front of it, respectively, each covering "charitable and philanthropic services, namely, making grants to support and promote higher education, the humanities, arts and culture, equitable access to knowledge, and social

justice" in Class 36 and claiming a date of first use of March 28, 2022.  True and correct copies of U.S. Trademark Application Nos. 97/402,655 and 97/402,648 are attached hereto as **Exhibit 3** and **Exhibit 4** and incorporated by reference herein.

23. Upon information and belief, Defendant is and has been aware of RK Mellon Foundation and its longstanding use of its RICHARD KING MELLON FOUNDATION trademark across the country in connection with charitable foundation services.

24. Nevertheless, Defendant has recently begun to promote and offer its charitable foundation services under the MELLON FOUNDATION and/or THE MELLON FOUNDATION designations—as though Defendant were the only genuine foundation with "Mellon" in its name.

25. Defendant provides charitable foundation services in highly similar channels of trade to the same and overlapping prospective and actual grantees as RK Mellon Foundation.

26. Defendant's use of MELLON FOUNDATION and/or THE MELLON FOUNDATION for charitable foundation services is likely to cause confusion or mistake in the mind of the public as to the affiliation, connection, or association of Defendant with RK Mellon Foundation, or of RK Mellon Foundation with Defendant, or as to the origin, sponsorship, or approval of RK Mellon Foundation's services by Defendant.  More specifically, Defendant's usage of MELLON FOUNDATION and/or THE MELLON FOUNDATION is likely to create confusion or mistake as to whether Defendant is the only (legitimate) MELLON foundation, and whether Richard King Mellon Foundation is affiliated with Defendant or is an illegitimate MELLON foundation.

27. Marketing, offering, and rendering of Defendant's services under MELLON FOUNDATION and/or THE MELLON FOUNDATION is infringing RK Mellon Foundation's

trademark rights and threatens the goodwill that RK Mellon Foundation has worked hard and built up over 75 years in its trademark for its charitable foundation services.

28. Defendant's unauthorized adoption of MELLON FOUNDATION and/or THE MELLON FOUNDATION for charitable foundation services is causing RK Mellon Foundation to lose the ability to control its reputation and image with the consuming public, and is damaging the goodwill associated with the RICHARD KING MELLON FOUNDATION trademark.

29. Upon information and belief, the foregoing infringing acts of Defendant are reckless and wanton.

30. The foregoing acts of Defendant have and will damage RK Mellon Foundation in an amount that is not presently ascertainable, but will be established at trial. Unless restrained and enjoined by this Court, Defendant will continue to engage in conduct causing irreparable harm to RK Mellon Foundation and will cause harm to the consuming public.

**COUNT I**
**(UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(A))**

31. RK Mellon Foundation repeats and hereby incorporates by reference the allegations set forth in paragraphs 1 through 30 above, as if fully set forth herein.

32. RK Mellon Foundation owns the exclusive rights to the RICHARD KING MELLON FOUNDATION trademark. RK Mellon Foundation's use of the RICHARD KING MELLON FOUNDATION trademark since 1947 predates Defendant's use of MELLON FOUNDATION and THE MELLON FOUNDATION, as evidenced by Defendant's claimed first use date for these trademarks of March 28, 2022.

33. Defendant's acts constitute unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendant's use of MELLON FOUNDATION and/or THE MELLON FOUNDATION in connection with charitable foundation services, without the authorization of RK Mellon Foundation, is likely to cause confusion, mistake, or deception among actual and prospective grantees, other charitable foundations, and the public at large as to affiliation, connection, or association of Defendant with RK Mellon Foundation, or as to the origin, sponsorship, or approval of Defendant's services by RK Mellon Foundation.

35. Despite the fact that Defendant has actual knowledge of RK Mellon Foundation's use of and rights in and to its RICHARD KING MELLON FOUNDATION trademark, Defendant has started using MELLON FOUNDATION and/or THE MELLON FOUNDATION in complete disregard of RK Mellon Foundation's rights.

36. In doing so, Defendant is infringing and misappropriating RK Mellon Foundation's substantial rights in and to the RICHARD KING MELLON FOUNDATION trademark, as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair advantage over RK Mellon Foundation, enjoy the reputational power of the RICHARD KING MELLON FOUNDATION trademark, and allow Defendant to improperly blunt and interfere with RK Mellon Foundation's continued promotion and expansion of the RICHARD KING MELLON FOUNDATION trademark.

37. Defendant's infringing activities will continue to cause irreparable injury to RK Mellon Foundation's foundation, reputation, and goodwill if Defendant is not restrained by the Court from further violation of RK Mellon Foundation's rights.

38. As a direct and proximate result of Defendant's unlawful infringement, RK Mellon Foundation has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.

39. As a direct and proximate result of Defendant's infringement, Defendant is being unjustly enriched by benefitting from RK Mellon Foundation's reputation and work, in an amount that is not presently ascertainable but will be proven at trial.

## COUNT II
### (TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER PENNSYLVANIA COMMON LAW)

40. RK Mellon Foundation repeats and hereby incorporates by reference the allegations set forth in paragraphs 1 through 39 above, as if fully set forth herein.

41. RK Mellon Foundation owns the exclusive rights to the RICHARD KING MELLON FOUNDATION trademark. RK Mellon Foundation's use of the RICHARD KING MELLON FOUNDATION trademark since 1947 predates Defendant's use of MELLON FOUNDATION and THE MELLON FOUNDATION, as evidenced by Defendant's claimed first use date of March 28, 2022.

42. Notwithstanding RK Mellon Foundation's prior and well known common law rights in the RICHARD KING MELLON FOUNDATION trademark, Defendant has, with actual and constructive notice of RK Mellon Foundation's common law rights, and long after RK Mellon Foundation established its rights in the RICHARD KING MELLON FOUNDATION trademark, adopted and used MELLON FOUNDATION and/or THE MELLON FOUNDATION in conjunction with the marketing, promotion, offering, and rendering of charitable foundation services.

43. Defendant's use of MELLON FOUNDATION and/or THE MELLON FOUNDATION as a mark for foundation services highly similar to those provided by RK

Mellon Foundation under the RICHARD KING MELLON FOUNDATION trademark, without the authorization of RK Mellon Foundation, is likely to cause confusion, mistake, or deception among actual and prospective grantees, other charitable foundations, and the public at large as to the source or origin of Defendant's services and the sponsorship or endorsement of those services by RK Mellon Foundation.

44. Defendant's use of MELLON FOUNDATION and/or THE MELLON FOUNDATION without the authorization of RK Mellon Foundation is likely to cause confusion, mistake, or deception among actual and prospective grantees, other charitable foundations, and the public at large as to the source or origin of RK Mellon Foundation's services and the sponsorship or endorsement of those services by Defendant.

45. RK Mellon Foundation has not authorized, licensed, or otherwise condoned or consented to Defendant's use of RICHARD KING MELLON FOUNDATION, MELLON FOUNDATION or THE MELLON FOUNDATION.

46. Such likelihood of confusion, mistake or deception is occurring as a direct result of Defendant's use of MELLON FOUNDATION and/or THE MELLON FOUNDATION in connection with the advertising, promotion, offering, and rendering of charitable foundation services.

47. Despite the fact that Defendant has actual knowledge of RK Mellon Foundation's rights in and to the RICHARD KING MELLON FOUNDATION trademark, Defendant is using MELLON FOUNDATION and/or THE MELLON FOUNDATION in complete disregard of RK Mellon Foundation's rights.

48. In doing so Defendant is infringing and misappropriating RK Mellon Foundation's substantial rights in and to the RICHARD KING MELLON FOUNDATION

trademark, as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair advantage over RK Mellon Foundation, enjoy the power of the RICHARD KING MELLON FOUNDATION trademark, and allow Defendant to improperly blunt and interfere with RK Mellon Foundation's continued promotion and expansion of the RICHARD KING MELLON FOUNDATION trademark.

49.     Upon information and belief, Defendant's infringing acts were committed with full knowledge of RK Mellon Foundation's rights.

50.     Defendant's infringing activities will continue to cause irreparable injury to RK Mellon Foundation if Defendant is not restrained by the Court from further violation of RK Mellon Foundation's rights.

51.     As a direct and proximate result of Defendant's unlawful infringement, RK Mellon Foundation has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.

52.     As a direct and proximate result of Defendant's unlawful infringement, Defendant is unjustly enriching itself in an amount that is not presently ascertainable but will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, RK Mellon Foundation prays that the Court enter an Order against Defendant as follows:

1.      Preliminarily and permanently enjoining Defendant, their trustees, officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, from:

   a. using or displaying MELLON FOUNDATION and/or THE MELLON FOUNDATION without "Andrew W." or "A.W." in connection with Defendant's

       foundation services, and from using or displaying MELLON FOUNDATION and/or THE MELLON FOUNDATION, in connection with the promotion, advertisement, offer, production, distribution, or rendering of charitable foundation services;

    b. making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services advertised, promoted, offered, or rendered by Defendant is in any manner associated or sponsored by or connected with RK Mellon Foundation, or are sponsored, approved, or authorized by RK Mellon Foundation;

    c. otherwise engaging in any other activity constituting unfair competition with RK Mellon Foundation, or constituting an infringement of the RICHARD KING MELLON FOUNDATION trademark or of RK Mellon Foundation's rights in or to use or to exploit said trademark;

    d. effecting assignments or transfers, forming new entities, or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (d); and

    e. aiding, abetting, contributing to, or otherwise assisting anyone from infringing upon the RICHARD KING MELLON FOUNDATION trademark.

    2.    Directing that Defendant delivers for destruction all marketing or promotional materials or materials relating thereto in its possession or under its control bearing MELLON FOUNDATION and/or THE MELLON FOUNDATION or any simulation, reproduction, copy, or colorable imitations thereof, and all means of making the same.

    3.    Directing that Defendant expressly abandon U.S. Trademark Application Nos. 97/402,655 and 97/402,648 or surrender any registrations that result therefrom.

    4.    Ordering Defendant to pay corrective advertising damages to mitigate the damage done to RK Mellon Foundation's reputation, the damage to the distinctive quality of the RICHARD KING MELLON FOUNDATION trademark, and the harm to the goodwill associated with the RICHARD KING MELLON FOUNDATION trademark from Defendants' unlawful conduct.

    5.    Awarding RK Mellon compensation for all damages, injury, or harm incurred as a result of Defendant's unlawful conduct.

    6.    Awarding RK Mellon Foundation its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

    7.    Awarding RK Mellon Foundation its full costs and disbursements in bringing this action.

    8.    Awarding RK Mellon Foundation any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law, and any further relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Richard King Mellon Foundation hereby demands a trial by jury of all issues so triable.

Dated: June 1, 2022                              Respectfully submitted,

                                                                   */s/ Joseph N. Parsons*
                                                                   Laura E. Ellsworth (PA Bar No. 39555)
                                                                   Joseph N. Parsons (PA Bar No. 316724)
                                                                   JONES DAY

500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania 15219-2514
Telephone: 412.391.3939
Facsimile: 412.394.7959
Email: leellsworth@jonesday.com
Email: jparsons@jonesday.com

John G. Froemming (*pro hac vice* to be submitted)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: 202.879.3939
Facsimile: 202.626.1700
Email: jfroemming@jonesday.com

Kerry A. Barrett (*pro hac vice* to be submitted)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: 216.586.3939
Facsimile: 216.579.0212
Email: kabarrett@jonesday.com

Counsel for Plaintiff
RICHARD KING MELLON FOUNDATION